UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Zachary Klinker

     v.                                    Civil No. 12-cv-11-JL

Leon Furdiga and
Katherine Scanlan

**SUMMARY ORDER**

Plaintiff Zachary Klinker, a New Hampshire citizen and resident, filed this negligence action against defendants Leon Furdiga and Katherine Scanlan, citizens and residents of Vermont, in this court.  Klinker seeks to recover for injuries suffered when he slipped and fell from the roof of the defendants' property, which (the parties confirmed at a hearing today) is also located in Vermont.

Venue is not proper in this district.  The federal venue statute, 28 U.S.C. § 1391(b), provides:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As just discussed, neither defendant is a resident of this State;
both are residents of Vermont.  And none of the "events or
omissions giving rise to the claim occurred" in this State;
again, they occurred in Vermont.  Under §§ 1391(b)(1) and (2),
then, the District of Vermont, not this district, is the proper
venue for this action.

Where venue does not lie in this district, 28 U.S.C. §
1406(a) directs that the court "shall dismiss, or if it be in the
interest of justice, transfer such case to any district or
division in which it could have been brought."  Here, the
interest of justice would plainly be served by transferring the
case rather than dismissing it:  among other things, the statute
of limitations would bar the refiled action were the present case
dismissed, and defendants have not articulated any prejudice they
would suffer were the case to proceed in Vermont.  Though none of
the parties have moved to dismiss or transfer this case due to
the improper venue, "[i]t is well settled that a court may
transfer a case sua sponte pursuant to" § 1406(a).  Desmond v.
Nynex Corp., 37 F.3d 1484, 1994 WL 577479, at *3 (1st Cir. 1994)
(unpublished).  The clerk shall accordingly transfer this action
to the United States District Court for the District of Vermont,
and close the case here.

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated:   November 14, 2012

cc:   Michael F. Walsh, Esq.
      Shawn F. Mullen, Esq.
      J. Justin Sluka, Esq.
      Andrew C. Boxer, Esq.

3