```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Zachary Klinker

    v.                                       Civil No. 12-cv-11-JL

Leon Furdiga and
Katherine Scanlan

## SUMMARY ORDER

    Plaintiff Zachary Klinker, a New Hampshire citizen and resident, filed this negligence action against defendants Leon Furdiga and Katherine Scanlan, citizens and residents of Vermont, in this court.  Klinker seeks to recover for injuries suffered when he slipped and fell from the roof of the defendants' property, which (the parties confirmed at a hearing today) is also located in Vermont.

    Venue is not proper in this district.  The federal venue statute, 28 U.S.C. § 1391(b), provides:

> A civil action may be brought in—
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As just discussed, neither defendant is a resident of this State; both are residents of Vermont.  And none of the "events or omissions giving rise to the claim occurred" in this State; again, they occurred in Vermont.  Under §§ 1391(b)(1) and (2), then, the District of Vermont, not this district, is the proper venue for this action.

Where venue does not lie in this district, 28 U.S.C. § 1406(a) directs that the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Here, the interest of justice would plainly be served by transferring the case rather than dismissing it:  among other things, the statute of limitations would bar the refiled action were the present case dismissed, and defendants have not articulated any prejudice they would suffer were the case to proceed in Vermont.  Though none of the parties have moved to dismiss or transfer this case due to the improper venue, "[i]t is well settled that a court may transfer a case sua sponte pursuant to" § 1406(a).  Desmond v. Nynex Corp., 37 F.3d 1484, 1994 WL 577479, at *3 (1st Cir. 1994) (unpublished).  The clerk shall accordingly transfer this action to the United States District Court for the District of Vermont, and close the case here.

**SO ORDERED.**

/s/ Joe Laplante
_____
Joseph N. Laplante
United States District Judge

Dated: November 14, 2012

cc: Michael F. Walsh, Esq.
    Shawn F. Mullen, Esq.
    J. Justin Sluka, Esq.
    Andrew C. Boxer, Esq.